IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2015

## DARIEN C. HOUSTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
No. 292904     Rebecca J. Stern, Judge

No. E2014-02062-CCA-R3-PC – Filed June 10, 2015

The Petitioner, Darien C. Houston, appeals as of right from the Hamilton County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in summarily dismissing his petition for post-conviction relief for having been untimely filed. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Darien C. Houston, Jonesville, Virginia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the Appellee, State of Tennessee.

### OPINION

In 1998, the Petitioner pled guilty to possession of cocaine with intent to sell and possession of marijuana with intent to sell and received an effective eight-year sentence. The Petitioner's effective sentence was to be served on split confinement, having to serve eleven months and twenty-nine days in confinement with the remainder to be spent on community corrections. In 1999, the trial court amended the judgments of conviction "to substitute intensive probation . . . for community corrections." The Petitioner's probation was revoked twice, and he served the remainder of his sentences in confinement. The Petitioner's sentences are now expired.

On September 22, 2014, the Petitioner filed a form petition for federal writ of habeas corpus in the post-conviction court. The petition alleged that the trial court's

entry of amended judgments changing his alternative sentences from community corrections to intensive probation created an illegal sentence and breached his plea agreement. The petition also alleged that trial counsel was ineffective for allowing the trial court to alter the form of the Petitioner's alternative sentences. In the petition, the Petitioner admitted to attending the hearing at which the amended judgments were entered. The post-conviction court treated the petition as one for post-conviction relief and summarily dismissed it as having been untimely filed. This appeal followed.

At the outset, we note that an illegal sentence is a sentence that is either not authorized by the applicable statutes or directly contravenes an applicable statute. Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). An alternative sentence of intensive probation is neither an unauthorized sentence nor directly contravenes an applicable statute; therefore, the Petitioner's sentences were not illegal. To the extent that the Petitioner argues that the amended judgments rendered his guilty pleas not knowingly and voluntarily entered, such a claim is not cognizable in a habeas corpus proceeding. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Rather, the Post-Conviction Procedure Act provides the proper procedure for raising such an issue. Id. at 163.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, the Petitioner did not file a direct appeal; therefore, the statute of limitations expired on September 17, 1999.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). Here, the Petitioner claims that the statute of limitations should be tolled because, despite the fact that he was present

at the hearing where the amended judgments were entered, he was unaware "that the [trial] court changed the judgment[s] in this case until [A]pril of 2014."

This court has repeatedly held that a petitioner's ignorance of post-conviction procedures and "mere lack of knowledge that a claim exists" does not constitute a due process violation which would toll the statute of limitations. Joshua Jacobs v. State, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010), perm. app. denied (Tenn. Jan. 20, 2011). Accordingly, we conclude that the post-conviction court did not err in summarily dismissing the Petitioner's petition as having been untimely filed.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE